STATE OF NEBRASKA, APPELLEE, V. HOWARD A. CROOKS, APPELLANT.
202 N. W. 2d 627

Filed December 1, 1972. No. 38557.

Howard A. Crooks, pro se.

Clarence A. H. Meyer, Attorney General, and Harold S. Salter, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

This is a post conviction case. The defendant already incarcerated in the Nebraska Penal and Correctional Complex under a life sentence was sentenced to a period of from 10 to 15 years for another offense committed while incarcerated. The sentence specifically provided that it should be consecutive to the serving of the life sentence.

The defendant has filed a pro se brief in this court to sustain his contention. It is difficult to understand the defendant's argument but giving it its maximum import it constitutes a claim that such a sentence can never be put into effect and that it is a cruel and unusual punishment under the federal Constitution. No authority is cited by the defendant for his contention nor can we find any. The statutes of the State of Nebraska specifically provide for consecutive sentences. The argument that a consecutive sentence to a life sentence is void because of the impossibility of serving such a sentence is untenable. The statutes of the State of Nebraska vest in the Board of Pardons the authority to commute sentences. We take judicial notice of the fact that a life sentence frequently ends long before the prisoner's life ends, and that in many, if not most, cases the Board of Pardons has commuted the life sentence to a term of years. The offense committed in this case is a serious one. To give credence to the defendant's contention would permit inmates serving life sentences freedom to commit such offenses without any fear of additional punishment. It is clear that the second sentencing in this case for a separate offense of 10 to 15 years is not a vain and useless sentence, but is a real and vital threat of actual punishment and serves a useful deterrent purpose for the commission of other offenses while incarcerated under the life sen-

tence in the Nebraska Penal and Correctional Complex. There is no merit to the defendant's contention.

The judgment of the trial court denying post conviction relief is correct and is affirmed.

AFFIRMED.